UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| DARRELL G. JOHNSON, as Administrator of the Estate of Timmy Ray Johnson, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.: 3:08-CV-95 (VARLAN/GUYTON) |
| THE PURDUE FREDERICK COMPANY, INC., | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This civil action is before the Court on Defendant The Purdue Frederick Company, Inc.'s Motion to Dismiss Individual Claims of Plaintiff Darrell G. Johnson. [Doc. 15.] Plaintiff Darrell G. Johnson, as Administrator of the Estate of Timmy Ray Johnson, Deceased, has not responded to the motion to dismiss, and the time for doing so has passed. *See* L.R. 7.1(a), 7.2. The Court has carefully reviewed the pending motion and supporting memorandum in light of the applicable law. [Docs. 15, 16.] For the reasons set forth herein, the motion to dismiss will be granted.

**I.    BACKGROUND**

This cause of action arises from the alleged wrongful death of Timmy Ray Johnson. [Doc. 1-2 at 1.] Darrell G. Johnson ("Plaintiff Johnson"), Timmy Ray Johnson's brother, is the administrator and personal representative of the Estate of Timmy Ray Johnson ("Estate").

[Doc. 1-2 at 1.] According to the complaint, Defendant Purdue manufactured and placed into the stream of commerce a drug known as OxyContin and/or OxyCodone. [Doc. 1-2 at 1.] Timmy Ray Johnson allegedly became addicted to these drugs and allegedly died from central respiratory depression resulting from an overdose of OxyCodone and opiates. [Doc. 1-2 at 2.]

On February 21, 2008, Plaintiff Johnson filed suit in the Circuit Court for Blount County, Tennessee. [Doc. 1-2 at 1.] In addition to claims for relief on behalf of the Estate, the complaint also stated that "Darrell Johnson, brother of deceased seeks compensation for the loss of consortium of his brother." [Doc. 1-2 at 3.] Defendant Purdue subsequently removed this action on the basis of diversity jurisdiction and then filed the present motion to dismiss.

## II. STANDARD OF REVIEW

A party may move to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). In determining whether to grant a motion to dismiss, all well-pleaded allegations must be taken as true and be construed most favorably toward the non-movant. *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003). While a court may not grant a Rule 12(b)(6) motion based on disbelief of a complaint's factual allegations, *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990), the court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). The Sixth Circuit has made it clear that despite the liberal system of notice pleading, conclusory allegations are not enough to survive Rule 12(b)(6)

2

dismissal. *See MacDermid v. Discover Fin. Servs,* 488 F.3d 721, 733 (6th Cir. 2007). In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The issue is not whether the plaintiff will prevail, but whether the claimant is entitled to offer evidence to support his or her claim. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). Consequently, a complaint will not be dismissed pursuant to Rule 12(b)(6) unless there is no law to support the claims made, the facts alleged are insufficient to state a claim, or there is an insurmountable bar on the face of the complaint.

### III.    ANALYSIS

In the complaint, it is alleged that "Darrell Johnson, brother of deceased seeks compensation for the loss of consortium of his brother." [Doc. 1-2 at 3.] In the present motion, Defendant Purdue seeks to dismiss any individual claim asserted by Plaintiff Johnson on his own behalf. While Plaintiff Johnson can file suit in his capacity as Administrator of the Estate of Timmy Ray Johnson, Defendant Purdue contends that he may not assert any claim for his own benefit and that any such claim must be dismissed. Plaintiff Johnson has not filed a response nor otherwise objected to Defendant Purdue's motion to dismiss.

> Tennessee's wrongful death statute provides:
>
> Where a person's death is caused by the wrongful act, fault, or omission of another, and suit is brought for damages, as provided for by §§ 20-5-106 and 20-5-107, the party suing shall, if entitled to damages, have the right to recover for the mental and physical suffering, loss of time, and necessary expenses resulting to the deceased from the personal injuries, and also the damages resulting to the parties for whose use and benefit the right of action survives from the death consequent upon the injuries received.

Tenn. Code Ann. § 20-5-113. In *Jordan v. Baptist Three Rivers Hosp.*, 984 S.W.2d 593, 598 (Tenn. 1999), the Tennessee Supreme Court interpreted this statute as creating "a cause of action that compensates survivors for their losses." While the Tennessee Supreme Court recognized that "consortium-type damages may be considered when calculating the pecuniary value of a deceased's life," it further clarified that this "does not create a new cause of action but merely refines the term 'pecuniary value.'" *Id.* at 601.

In this case, Defendant Purdue does not challenge the potential inclusion of consortium-type damages. Rather, it contends that Plaintiff Johnson, individually, cannot claim these sort of damages because he is not a wrongful death beneficiary under Tennessee law. Based on Tennessee statute, Defendant Purdue contends that only Timmy Ray Johnson's mother, not his brother Plaintiff Johnson, may seek individual relief in this case. The statute provides:

> The right of action which a person, who dies from injuries received from another, or whose death is caused by the wrongful act, omission, or killing by another, would have had against the wrongdoer, in case death had not ensued, shall not abate or be extinguished by the person's death but shall pass to the person's surviving spouse and, in case there is no surviving spouse, to the person's children or next of kin; or to the person's personal representative, for the benefit of the person's surviving spouse or next of kin . . . .

Tenn. Code Ann. § 20-5-106(a). Tennessee courts have defined "next of kin" as those "persons nearest of kindred to the decedent, that is, those who are most nearly related to him by blood." *In re Estate of Dobbins*, 987 S.W.2d 30, 36 (Tenn. Ct. App. 1998). Under the law of consanguinity in Tennessee, "[t]he natural parents of a deceased child are equally the next of kin." *Mangrum v. Owens*, 917 S.W.2d 244, 245 n.1 (Tenn. Ct. App. 1995).

4

In light of all of this, the Court agrees with Defendant Purdue that Plaintiff Johnson cannot seek "compensation for the loss of consortium of his brother" or other relief individually. Timmy Ray Johnson's mother is the "next of kin," not Plaintiff Johnson. Therefore, Plaintiff Johnson may not seek consortium-type damages because he is not Timmy Ray Johnson's wrongful death beneficiary. Though Plaintiff Johnson is the administrator of Timmy Ray Johnson's estate, he may only pursue such an action as a personal representative "for the benefit of the person's surviving spouse or next of kin." Tenn. Code Ann. § 20-5-106(a). As a result, Plaintiff Johnson could not pursue consortium-type damages on his own behalf, and dismissal of any such claim is appropriate.

## IV. CONCLUSION

For the reasons set forth herein, Defendant The Purdue Frederick Company, Inc.'s Motion to Dismiss Individual Claims of Plaintiff Darrell G. Johnson [Doc. 15] is hereby **GRANTED**, and any individual claims asserted by Plaintiff Darrell G. Johnson on his own behalf are hereby **DISMISSED**. In all other respects, the claims asserted in the complaint for this action remain. [*See* Doc. 16.]

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE